Case 4:25-cv-05036     Document 5     Filed on 11/03/25 in TXSD     Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
November 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUIS FERNANDO TORRES-RODRIGUEZ, § § § | |
| Petitioner, § | CIVIL ACTION NO. H-25-5036 |
| v. § § | |
| KRISTI NOEM, Secretary, U.S. § Department of Homeland Security, *et al.*, § § | |
| Respondents. § | |

**MEMORANDUM AND ORDER**

The petitioner, Luis Fernando Torres-Rodriguez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the IAH Detention Facility in Livington, Texas. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Docket Entry No. 1). For the reasons set forth below, the court grants Torres-Rodriguez's petition in part and orders the respondents to conduct a bond hearing within fourteen days from the date of this order or release him.

**I.     Background**

Torres-Rodriguez entered the country without inspection in November 2017. (Docket Entry No. 1-2). He was processed by the Department of Health and Human Services and released on his own recognizance. (Docket Entry No. 1-3). In July 2025, he was arrested on suspicion of driving while intoxicated in Harris County, Texas and was transferred to ICE custody. (Docket Entry No. 1 at 14). In September 2025, Torres-Rodriquez filed a bond application, but the immigration judge (IJ) denied it for lack of jurisdiction under the Board of Immigration Appeals'

(BIA) new interpretation of 8 U.S.C. § 1225. (*Id.*); (*see also* Docket Entry No. 4-1) (denial of custody redetermination).

On October 22, 2025, Torres-Rodriguez filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings under 8 U.S.C. § 1225. (Docket Entry No. 1). On October 28, 2025, the respondents filed their response, asserting that—notwithstanding this court's and other courts' consistent rejection of their position in nearly identical cases—the petition should be dismissed. (Docket Entry No. 4).

**II.    Analysis**

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *2 (E.D. Mich. Sep. 9, 2025) (citing 28 U.S.C. § 2241). "If a district court entertains a habeas petition, then it must either award the writ or order the respondent to show cause as to why the writ should not be granted, unless it is apparent from the application that the petitioner is not entitled to the requested relief." *Id.* (citing 28 U.S.C. § 2243).

This case is one of many nearly identical immigration-related habeas petitions filed in the federal courts over the last few months. *See Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (describing the surge in similar litigation). As this court has previously explained, two statutes principally govern the detention of noncitizens pending removal proceedings: 8 U.S.C. §§ 1225 and 1226. *Id.* While § 1226 allows an IJ to provide a petitioner with procedural protections such as a bond re-determination hearing, § 1225 does not. *Id.* In July 2025, the Department of Homeland Security deviated from its "longstanding interpretation" that § 1226 applied to noncitizens who were already present in the county and began applying § 1225 to these individuals. *Id.* (quoting *Savane v. Francis*, No. 1:25-cv-6666, 2025 WL

2774452, at *1 (S.D.N.Y. Sep. 28, 2025)). The result is that noncitizens who would have previously received a bond hearing are now mandatorily detained until their removal proceedings are complete, whenever that may be. In September 2025, the BIA affirmed this new interpretation of the relevant statutes in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[1]

This new interpretation has been roundly rejected by almost every court to consider the issue, including this court. *See id.* at *3 (collecting cases). The respondents acknowledge this rejection, but insist that this judge "reconsider[]" her prior ruling in *Buenrostro-Mendez* and ignore the non-binding opinions of other judges who have come to similar conclusions.[2] (Docket Entry No. 4 at 4, 5 n.3). The respondents provide no persuasive reason, however, for this court to depart from its prior conclusion that § 1226 applies to noncitizens like Torres-Rodriguez who are already present in this county.[3] For the reasons the court already explained in *Buenrostro-Mendez*, the court concludes that § 1226, not § 1225, applies to Torres-Rodriguez. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 (stating that the respondents had "failed to provide controlling authorities or persuasive reasons that would justify" reaching a different result from the dozens of courts to conclude that § 1226 is the proper statute to apply to noncitizens already present in the United

---

[1] The BIA's decision is not binding on this court under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and district courts have uniformly refused to apply *Matter of Yajure Hurtado*. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 n.3 (collecting cases).

[2] On October 24, 2025, the respondents filed a notice of appeal in *Buenrostro-Mendez*. (Case No. H-25-3726, Docket Entry No. 20).

[3] The respondents concede that Torres-Rodriguez has exhausted his administrative remedies. (Docket Entry No. 4 at 3). They do not make any jurisdictional challenges. (*See generally id.*).

States). The respondents are ordered to provide Torres-Rodriguez with a bond hearing within fourteen days of this order or release him.[4]

Because the court provides Torres-Rodriguez with the relief he seeks based on its interpretation of § 1226(a), the court need not reach his additional challenges to his detention as violations of the Fifth Amendment and of various bond regulations. *See Hernandez Lopez v. Hardin, et al.*, No. 2:25-cv-830, 2025 WL 3022245, at *5 (M.D. Fla. Oct. 29, 2025) (citing *Pizarro Reyes*, 2025 WL 2609425, at *8). If the respondents do no provide Torres-Rodriguez with a bond hearing within fourteen days as ordered, he may renew his other claims. *Id.*; *see also Buenrostro-Mendez*, 2025 WL 2886346, at *4 n.4.

## III.  Conclusion

For the reasons stated above, the court grants Torres-Rodriguez's petition for a writ of habeas corpus in part. (Docket Entry No. 1). The respondents must provide Torres-Rodriguez with a bond hearing under § 1226(a) by November 13, 2025, or release him. The parties are to update the court on the status of Torres-Rodriguez's bond hearing no later than November 17, 2025.

SIGNED on November 3, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[4] Among his requests for relief, Torres-Rodriguez asks that the court issue a writ of habeas corpus directing the respondents to release him immediately or, alternatively, providing him with a bond hearing under 8 U.S.C. § 1226(a) within seven days. The court concludes that ordering the respondents to provide a bond hearing, rather than immediate release, is the proper outcome. *See Buenrostro-Mendez*, 2025 WL 2886346, at *4; *see also Hernandez Lopez v. Hardin, et al.*, No. 2:25-cv-830, 2025 WL 3022245, at *5 (M.D. Fla. Oct. 29, 2025).